JULY 18, 1801.

# Richard Steele *v.* David Mitchell.

*Upon an appeal from a decree of the Lexington District Court.*

1. The feudal law of warranty by which the donee or vendee of lands might, on eviction by paramount title, demand other lands of equal value of the donor or vendor, is obsolete in this state.

2. No freehold interest in land in this state can be conveyed from one to another otherwise than by deed in writing, from which it follows that whenever a warranty of the title is intended, (except in cases of exchange, partition and charges upon land by devise), it must be contained in the deed.

3. In conveyances of lands by way of exchange, or partition, and in devises charging lands with rents, annuities, and other incumbrances, the law implies a warranty of the title, though none be expressed in the conveyance or devise.

4. A bond for the conveyance of land, will, in the absence of any allegation of fraud or mistake, be presumed to have been made upon a valuable and sufficient consideration, though none be expressed upon its face.

5. A contract should be construed most strongly against the obligor, and if he means to limit his obligation to less than what the obligee may fairly expect, it is his business to have it so expressed.

6. In the absence of any stipulation in a title bond as to a covenant of warranty in the conveyance, the law implies that the conveyance was to be with general warranty, and a decree requiring the obligor to convey with special warranty, is erroneous.

Steele *v.* Mitchell.

In deciding on this cause, it ought to be premised, that in England the law concerning warranties of lands, under the feudal system, has become obsolete, so far as relates to a donee or vendee, on eviction, being entitled to demand other lands of equal value from the lord of the manor or vendor. But the principle of *quid pro quo*, on which the doctrine of warranty is founded, is a branch of the common law, or of common justice, and is, in a general point of view, unchangeable. Therefore, to the common law, as made applicable by the statutes to present circumstances, and to custom immemorial, we must have recourse for information on this subject. By statute a freehold to land can not now be transferred from one person to another, but by a deed in writing; from which it would seem to follow, that a warranty therefor, whenever it was intended to be made, must also be contained in the deed. Nevertheless, so stubborn is the principle of which we are speaking, that in conveyances occasioned by exchange or partition of lands, and in devises charging lands with rents, annuities, and such like incumbrances, the law implies warranties, either general or particular, as the nature of each case may require. But in most other cases, if not in every other, it appears that warranties must be expressed in the conveyances. Why warranties shall be implied in some instances, and not in all others, the court can not certainly discover, and can only say, that so is the law. The consequence is, that where a conveyance is to be made, for a valuable consideration of a general nature, a warranty is universally held to be an essential part of the deed of assurance; and unless in those cases, where it is otherwise provided by special contract, a general warranty is as universally expected. It need not be observed, that this opinion and expectation are certainly authorized by the general principles of justice, as well as by the universal custom of this country, and that from which we derive most of our legal precepts. And it is equally unnecessary to observe, that a general warranty secures the right of inheritance, to the vendee and to his heirs and assigns if named therein, against the vendor, and all others claiming from, by, or under him; and should the vendee be ousted, by a paramount claimant it subjects the vendor and his heirs, executors, and administrators, so far as they are bound thereby, and have assets, to compensate the loss: which is extending the remedy as far as the nature of the case and equity will permit. And when such contingencies prove oppressive or ruinous to vendors, they ought to be considered as the punishments.

due to their avarice, which restrained them from selling, at more reduced prices, only their right and title to doubtful claims. In short, it is conceived, that warranty in the sale of lands, differs nothing in principle from that on the sales of goods or chattels; and that in both cases, it is one of the most important securities which can be devised, that no person shall enjoy something for nothing, and that every person shall enjoy the fruits of his industry.

In the present suit, it appears that the appellee gave his bond, to make or cause to be made to the appellant or his heirs, a deed to a certain tract or parcel of land containing two hundred acres, situated on the middle fork of Clear creek, being part of the said appellee's pre-emption, as assignee of John Greene, &c., which has since been laid off to the satisfaction of both parties. But the appellee was only willing to convey with special warranty, and the appellant refused to accept a conveyance without general warranty. Then the only question of consequence which arises in this suit is, what is the rational import of the words of this bond, relative to the point in dispute? As it is not alleged and proven, that this bond was given *gratuitously* or *involuntarily*, nor that it was obtained by fraud or mistake, it does not seem necessary to investigate the inducements on which it was given and received; a valuable consideration must have been presumed, even if it had not been proven and admitted. And it not appearing that bonds are subjected by law to the rules for making out conveyances for land, they must be construed conformably to the equity arising on each case. Therefore, this court is of opinion that to comply with the legal intent of the bond in question, such a deed as is customary in like cases, should be made: that is to say, a deed with general warranty; and consequently, that the district court erred in decreeing a deed with only special warranty. This opinion is supported by the doctrine on warranties which has been suggested; and is further confirmed by the maxim, that the words of every one's obligation shall be taken most strongly against himself. To which may be added that reason seems to dictate, that when any person means to limit his contract in the sale of lands, it is his business to have it expressed; otherwise the presumption ought to be that he undertakes to make a good title or a deed, which will ensure the land or its value to the purchaser. The court would not, however, be understood, to extend this decision to assignments on plats and certifi-

cates of survey, unaccompanied with fraud, or special circumstances, or with written agreements explaining the intention of the parties: such assignments appearing, at present, to be rather transfers of papers than of lands, and papers, on which only the right of the commonwealth to the lands therein specified can be obtained.

Besides, such assignments are not bonds, securing that conveyances shall be made, but are themselves conveyances, in the limited sense just mentioned, and do not expressly contain warranties.

Wherefore, it is decreed and ordered, that the decree of the said district court be reversed, and that the appellee do pay unto the appellant his costs in this behalf expended; and it is further decreed and ordered, that the cause be remanded to the court from whence it came; that the said court cause the metes and bounds of the two hundred acres of land before mentioned to be ascertained, and enter up a decree; that the appellee Mitchell shall execute a deed of conveyance for the same to the appellant Steel, his heirs and assigns, containing a covenant of general warranty, binding on himself, his heirs, executors, and administrators, and also decree and order in the cause whatever else law and equity may require, which is ordered to be certified to the said court.